**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | | |
|---|---|---|
| **In Re:   Peter Ackerman** | **\*** | |
| **Debtor-In-Possession** | **\*** | **Chapter 11** |
| | **\*** | **Case No. 18-11217-BAH** |
| | **\*** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

# DEBTOR'S

# PLAN OF REORGANIZATION
# DATED NOVEMBER 9, 2018

**FORD & McPARTLIN, P.A.**
**Edmond J. Ford (BNH # 01217)**
**10 Pleasant Street, Suite 400**
**Portsmouth, New Hampshire 03801**
**Telephone:  603-433-2002**
**Facsimile:  603-433-2122**
**eford@fordlaw.com**

1

*NOW COMES* the Debtor and Debtor-in-Possession, by his attorneys, Ford & McPartlin, P.A., and proposes the following Plan:

**1.      CLASSES OF CLAIMS AND INTERESTS**

    **1.1.     <u>Class 1</u>:      Secured Claims of Sal's Paramount Center, LLC.** Class 1 consists of all of the secured and unsecured pre-petition claims of Sal's Paramount Center, LLC.  The amount of the Class 1 claims is estimated to be approximately $392,00.00 as of September 11, 2018.  This class is unimpaired.

    **1.2.     <u>Class 2</u>:      Claims of Sal Lupoli.** Class 2 consists of the Sal Lupoli evidenced by a Promissory Note dated October 12, 2015.  The approximate disputed amount of the Class 2 debt is $2,000,000.00.  This class is impaired.

    **1.3.     <u>Class 3</u>:      Salv 545, LLC Guarantee Claims.** Class 3 consists of the claims against Salv545, LLC which claims are guaranteed by the Debtor other than claims held by Sal Lupoli. This class is unimpaired.

    **1.4.     <u>Class 4</u>:      All Other Guarantee Claims.** Class 4 consists of the claims against any LLC which claims are guaranteed by the Debtor other than claims held by Sal Lupoli.   This class is impaired.

    **1.5.     <u>Class 5</u>:      Claims of Personal Creditors.** Class 5 consists of all unsecured claims directly against the Debtor alone and not also against any LLC. This class is impaired.

    **1.6.     <u>Class 6</u>:      Secured Consumer Pre-petition Claims.** Class 6 consists of secured consumer loans of the Debtor including by way of descriptive list TD Auto Finance and Home Point Financial or its assignee.  This class is unimpaired.

1.7. **Class 7:** **Pre-Petition Tax Claims.** This Class consists of the allowed unsecured claims of governmental units entitled to priority under 11 U.S.C. § 507(a)(8). This class is impaired.

1.8. **Class 8:** **Convenience Claims.** This Class consists of allowed unsecured claims, which would otherwise fall in Class 5, in the amount of One Thousand ($1,000.00) Dollars or less and any holder of an allowed unsecured claim in Class 5 of more than One Thousand ($1,000.00) Dollars which elects to be treated as holding a claim of less than One Thousand ($1,000.00) Dollars. Any creditor who makes such an election will be deemed to have a general unsecured claim in the amount of Nine Hundred ($900.00) Dollars. Creditors desiring this treatment will make an election or their Ballot, which election shall be irrevocable. This class is impaired. The Debtor anticipates that there will be few creditors in this class.

1.9. **Class 9:** **Equity.** This Class represents the rights of the Debtor in and to the estate. This class is impaired.

2. **TREATMENT OF EACH CLASS**

2.1. **Class 1: Sal's Paramount Center, LLC.:** Class 1 shall be paid in full on the sale of Salvatore's Restaurant at 545 Washington Street, Boston, MA. The date that is the later of the date that Salve545, LLC, shall have received the funds, or the Effective Date of this Plan, shall be referred to herein as the Payment Date. Until the Payment Date Salv545, LLC shall continue to pay the weekly payment due thereunder. On the Payment Date, or on such earlier date as may be allowed by the Court, the claims in Class 1 shall be paid in full from the proceeds of such sale by Salv 545, LLC. If both Class 1 and Class 2 accept this Plan then in addition, Class 1 shall receive the benefits of the Lupoli Compromise (Section 3.8 below).

2.2. **Class 2: Sal Lupoli Claims:** No distribution shall be made to the claims in Class 2 until the same are finally allowed. Each claim in Class 2 shall be issued a number of Resolution Membership Units equal to the allowed dollar amount of such claim. If both Class 1 and Class 2 accept this Plan then in addition, Class 2 shall receive the benefits of the Lupoli Compromise (Section 3.8 below).

2.3. **Class 3: Salv 545, LLC Guarantee Claims:** The claims in Class 3 shall be paid in full as and when due from: (a) the operating income and cash flow of Salv 545, LLC, or (b) the sale proceeds from the sale of Salvatore's restaurant. Upon such payment Class 3 claims shall have no further claim against the Estate or the Debtor.

2.4. **Class 4:** **All Other Guarantee Claims.** No distribution shall be made to any claim in Class 4 until it is finally allowed. Each claim in Class 4 shall be issued a number of Resolution Membership Units equal to the allowed dollar amount of such claim.

2.5. **Class 5:** **Claims of Personal Creditors.** No distribution shall be made to any claim in Class 5 until it is finally allowed. Each claim in Class 5 shall be issued a number of Resolution Membership Units equal to the allowed dollar amount of such claim.

2.6. **Class 6:** **Secured Consumer Loan Creditors.** Class 6 creditors shall be paid in accordance with their terms except that any default arising from the filing of this bankruptcy case shall be deemed cured or waived. Class 6 creditors shall retain all of their liens securing their Class 6 claims. This class is unimpaired.

2.7. **Class 7:** **Pre-Petition Tax Claims.** This Class consists of the allowed unsecured claims of governmental units entitled to priority under 11 U.S.C. §

507(a)(8).  This class is impaired.  Pre-petition Tax Claims shall be paid, at the discretion of the Debtor with any combination of either: (a) payment at or before the Effective Date; and (b) the execution and delivery by the Debtor of the Tax Claim Note. The Tax Claim Note shall be in the amount of up to $11,000.00, shall bear interest at the rate of 5% per annum, shall be pre-payable at any time without penalty, and shall provide for payment in monthly installments over a term beginning on the Effective Date and ending no later than September 10, 2023.

**2.8.** <u>Class 8</u>: **Convenience Claims.** Each Claim in Class 8 shall be paid fifty cents on the dollar by the Debtor from earnings or exempt property or other assets retained by the Debtor hereunder on the later of the Effective Date or the date such claim is finally allowed.

**2.9.** <u>Class 9</u>: **Equity.** The Debtor shall retain:

    **a.** his exempt property;

    **b.** If all unsecured Classes Vote in Favor of the Plan, or if all other Classes are paid in full then the Debtor shall receive or retain the "Equity Membership Interest" in Ackerman Resolution LLC;

    **c.** The Debtor shall retain all post-petition earnings subject to the obligations of 11 U.S.C. §1129(a)(14) (relating to the payment of domestic support obligations).

**3.** <u>**MEANS TO EFFECT THE PLAN OF REORGANIZATION**</u>

**3.1.** <u>**Creation of Ackerman Resolution LLC**</u>:  The Debtor will, before the Effective Date create a new limited liability company to be known in this Plan as "Ackerman Resolution LLC" but which may have any name legal and available at the time of creation.  After confirmation, the Debtor shall file a notice with the Bankruptcy Court indicating that Ackerman Resolution LLC has been filed and the final name of such LLC.

**3.2.** **Contribution to Ackerman Resolution LLC**: Confirmation shall authorize the assignment of, and the Confirmation Order shall be deemed to assign, all of the Debtor's economic rights (but not any management rights) arising from his ownership of Membership Interests in and to the "Assigned LLC's" to Ackerman Resolution LLC. The "Assigned LLC's" means all of the limited liability companies that own or operate any business or asset and held by the Debtor at the Petition Date, which companies are: (a) Wrap City Holdings, LLC; (b) Bennington1004, LLC; and (c) Salv 545, LLC.  In addition, confirmation shall cause the assignment to Ackerman Resolution LLC of all of the causes of action held by the bankruptcy estate of the Debtor including all actions pending at confirmation.  Ackerman Resolution LLC may retain such counsel as it may select.  Counsel fees and expenses shall be payable from the assets of Ackerman Resolution LLC and shall have priority over all other payment obligations of Ackerman Resolution LLC.  Ackerman Resolution LLC shall commence all or any other causes of action, including any unpled Chapter 5 causes of action, on or within twelve months of the confirmation date failing which all such causes of action shall be deemed released.

**3.3.** **Assignment of Certain Rights:**  Confirmation shall effect an assignment to Ackerman Resolution all of the Debtor's rights under the Asset Purchase Agreement dated October 12, 2015 between Salv545, LLC, Debtor and Sals Paramount Center, LLC, including all rights thereunder to an assignment of the lease at 545 Washington Street, Boston, MA.

**3.4.** **Funds for Administrative Expenses**:  Administrative expenses shall be funded by four sources: (a) a payment by the Debtor of the sum of $4,689.32, being the non-exempt portion of the Debtor's assets listed on Schedule A/B item 7.1;  (b) the

Debtor's federal income tax refund; and (c) the available net proceeds from the sale of Salvatore's Restaurant, 545 Washington Street. The term "available net proceeds" means the net proceeds as defined in the Lupoli Compromise (Section 3.8 below) or if the Lupoli Compromise is accepted then the sum of not more than $50,000. If the sale occurs and closes before confirmation then the available net proceeds[1] shall be paid: first to administrative claims and other claims which are required to be paid on or before confirmation pursuant to 11 U.S.C. §1129 or this Plan; second to the claims in Class 7 (Pre-petition Tax Claims) and thereafter contributed to Ackerman Resolution LLC. If the sale occurs and closes after confirmation then the available net proceeds shall be first applied to the claims in Class 7 and thereafter, paid to Ackerman Resolution LLC and Ackerman Resolution LLC shall use such funds as may be needed to pay all unpaid administrative expenses (including attorney's fees and expenses) or other claims required to be paid on or before confirmation (if any).

**3.5.** **Dividend to Creditors**: There shall be determined the Total Creditor Pool and the amount of each allowed claim in Classes 2 (Sal Lupoli Claims), 4 (Guarantee Claims) and 5 (Personal Debts). The "Total Creditor Pool" is a dollar amount equal to the sum of the allowed claims in Classes 2, 4 and 5. The amount of each allowed claim shall be such amount as may be allowed pursuant to 11 U.S.C. §502. The Debtor reserves the right to object to any or all claims. Each Allowed claim shall receive Membership Units in Ackerman Resolution LLC equal in number to the dollar amount of such allowed claim. Membership Units shall be distributed to Creditors as and within sixty days after each claim is finally allowed.

---

[1] "Net Proceeds" means 99% of that available after all expenses, including taxes, and an appropriate allowance for the accountant's fees and attorney's fees for the filing of final tax returns, the payment of all taxes and the dissolution of Salv 545, LLC.

    3.6.    **Membership Unit's Rights:** Each Membership Unit shall have the following rights each of which shall arise only after the Calculation Date:

        **3.6.1.**  Upon the final allowance or disallowance of all Claims in Classes 2, 4 and 5, and the conclusion of all litigation relating to claims held by it and the payment of all accountants fees, counsel fees, and all administrative expenses (including taxes) then due or theretofore accrued, each Membership Unit shall be entitled to be paid a pro rata share of all cash held by Ackerman Resolution LLC, on or before, or within a reasonable period after, demand.

        **3.6.2.**  Upon the final allowance or disallowance of all Claims in Classes 2, 4 and 5, each holder of a Membership Unit shall be entitled to put to the Debtor all, but not less than all of that holder's Membership Units in Ackerman Resolution LLC for the Put Option Price paid by the Put Option Consideration.  Such Put may be exercised by written notice to the Debtor given on or before the later of: (a) six months after the Effective Date; or (b) three months after the final allowance or disallowance of all Claims in Classes 2, 4 and 5 (the "Put Option Deadline").

        **3.6.3.**  The Debtor shall file with the Court and send to all holders of Membership Units a notice confirming the calendar date on which the Put Option Deadline falls when or within a reasonable time after the same is determinable.

        **3.6.4.**  The Put Option Price shall be equal to the sum of $25,000 multiplied by the number of Membership Units being put to the Debtor and divided by the

total number of Membership Units outstanding (including those held or previously acquired by the Debtor) payable by the Put Option Consideration.

**3.6.5.** The Put Option Consideration shall be a combination of the following in the complete discretion of the Debtor: (a) cash or immediately available funds; (b) a promissory note less than or equal to one half of the Put Option Consideration providing for payment in monthly installments over a term of not more than five years at an interest rate of 5% per annum.

**3.6.6.** If all classes vote (or are deemed to have voted) in favor of the Plan, then the Put Option Price shall be modified and increased as hereafter provided and the Debtor shall hold a Call Option by which the Debtor shall have the option, at any time, to purchase any Membership Unit at the Put Option Price. If all classes vote (or are deemed to have voted) in favor of the Plan, then the Put Option Price shall be equal to the sum of $40,000.00 multiplied by the number of Membership Units being put to the Debtor and divided by the total number of Membership Units outstanding (including those held or acquired by the Debtor) payable by the Put Option Consideration.

**3.6.7.** Each holder of any Membership Unit shall have to right to sell any Membership Unit at any time to the Debtor on such terms and for such price as the Debtor and such holder may agree and the Debtor in such case shall have the right to purchase and acquire such Membership Unit. Each such sale to the Debtor shall be deemed to be made pursuant to and with the protections of 11 U.S.C. §1145.

**3.6.8.** Ackerman Resolution LLC shall be a manager managed LLC. Peter Ackerman shall be the initial manager. Ackerman Resolution LLC shall not be permitted to conduct any business except the disposition and liquidation of its assets. If the Debtor acquires all or more than three quarters of all Membership Units then the LLC may be (but shall not be required to be) dissolved under state law. No Membership Unit in the LLC may be sold except pursuant to this Plan, to the LLC, to Peter Ackerman, or in compliance with applicable securities laws including New Hampshire and Massachusetts "Blue Sky" laws the cost of which compliance shall be fully and completely paid in advance by the proposed seller of such Membership Units. Each evidence of any Membership Unit shall bear a legend that the Unit may not be sold or transferred except in compliance with the restrictions contained in this Plan. Each Put Option and Call Option provided for under this Plan is intended to be and is subject to and exempted by 11 U.S.C. §1145.

**3.6.9.** The Equity Membership Interest shall come into existence if all impaired classes of creditors vote in favor of this Plan. In such event the Equity Membership Interest shall be an become the sole voting class of membership interest in Ackerman Resolution LLC.

**3.6.10.** At any time that the Debtor acquires any Membership Unit in Ackerman Resolution LLC, then the Debtor may convert that Membership Unit into the equivalent economic interests in the Assigned LLC's and upon such conversion shall no longer hold any Membership Interest in Ackerman

Resolution, LLC but shall hold a membership interest directly in each Assigned LLC.  Upon such conversion, the economic rights assigned to and held by Ackerman Resolution LLC shall be proportionately reduced. The Debtor may enter into such amendments to the Articles of Agreement of the Assigned LLC's (together with the other members of such Assigned LLC's if they are willing) so as to permit the Debtor to resume the applicable full membership interest including both economic and management rights.

3.7. **Vesting of Property and Stay.**  Confirmation of this Plan and the happening of the Effective Date shall vest all property of the estate in the Debtor free and clear of all liens, claims and encumbrances except those provided in this Plan.  Confirmation of this Plan shall constitute an injunction which injunction shall be restated in the confirmation order, which injunction shall enjoin all acts, actions or actions which would be enjoined by operation of 11 U.S.C. §524. (the "Temporary Injunction") The Temporary Injunction shall be in place and in full force and effect from the Effective Date to the date that the Discharge is entered.

3.8. **Lupoli Compromise Offer.** This Plan contains this offer to Salvatore Lupoli, Sal's Paramount Center, LLC, and each company affiliated with either to resolve all disputes between them and the debtor or the bankruptcy estate on the following terms:

3.8.1. There shall be paid to or for the benefit of Claims in Class 1 and Class 2 an aggregate sum equal to the net proceeds of the sale of Salv545, LLC, less $50,000.00.  Net Proceeds means the funds remaining from the sale of 545 Washington Street after the payment of all debts of Salv 545, LLC and all costs of sale.  In exchange, Mr. Lupoli and every entity affiliated with him will completely release

11

Mr. Ackerman and the Ackerman estate and every entity affiliated with him excepting only as a residual claim against the estate in an amount equal to $1,000.00.

**3.8.2.** If this Compromise is accepted by the holders of claims in Classes 1 and 2 then all of the litigation between Mr. Lupoli, or any entity affiliated with him and Mr. Ackerman, or any entity affiliated with him will be terminated with prejudice including all the claims brought by Sal's Paramount, LLC, all the claims brought by Sal Lupoli and all claims brought by the Debtor against Salvatore Lupoli. The parties will exchange mutual and general releases which releases shall include all or any contracts, covenants or agreements between them. Mr. Ackerman will be released of any covenants not to compete or to solicit employees.

**3.8.3.** The Lupoli Compromise Offer shall be deemed accepted if Class 1 and Class 2 do not vote against or otherwise oppose the Plan.

**3.8.4.** If the Lupoli Compromise Offer is accepted or deemed accepted, the order confirming the Plan shall fully release and discharge the Debtor and Salv 545, LLC, from all claims held by Lupoli, Sal's Paramount Center, LLC, Double N, Inc., Double N Business Trust and every other entity affiliated with Salvatore Lupoli

## 4. UNCLASSIFIED CLAIMS

**4.1.** Claims entitled to priority under 11 U.S.C. § 503 shall be paid in full, or as the holder of such administrative claim may otherwise agree, as allowed in cash on the

later of: the Payment Date, the date the same are due under applicable state law or fourteen (14) days after any objection is overruled, or any necessary court approval or authorization is obtained and any applicable stay pending appeal has expired, provided however: that any such claims with respect to professional fees pursuant to 11 U.S.C. §327 shall be paid only after the same are determined and allowed by the Court.  Any holder of an administrative claim may agree to such lesser payment, or delayed payment, as it and the Debtor may agree.

5. **CERTAIN PROVISIONS**

    **5.1.** **Amendment.**  The Debtor reserves the right to amend or alter this Plan in any fashion prior to substantial consummation consistent with the requirements of Title 11.  The Debtor reserves the right to withdraw this Plan at any time before confirmation.

    **5.2.** **Exculpation**.  None of the Plan Proponents, their professionals nor any of their respective members, shareholders, officers, directors, employees, advisors, professionals, or agents shall have or incur any liability to any holder of a Claim or Equity Interest for any act or omission in connection with, related to, or arising out of the Plan, the Disclosure Statement or the pursuit of confirmation of the Plan, except for willful misconduct or gross negligence, or for their failure to comply with the Plan.  All claims by Salv 545, LLC or Sal's Italian Trattoria, LLC against the Debtor are discharged and released by confirmation of this Plan.

    **5.3.** **Retention of Jurisdiction**.  Jurisdiction shall be retained pursuant to this District's local form of confirmation order, LBR 3020-1, including any dispute as to the extent or efficacy of the transfer of any property or right from the bankruptcy estate to Ackerman Resolution, LLC, and not further.

**5.4.  Deemed Acceptance.**  In the event that there shall be a class of claims with respect to which no votes are properly cast then such class shall be deemed to have accepted the Plan.

**6.  REJECTION DAMAGE CLAIMS**

Claims arising from the rejection of any executory contract shall be filed with the Court on or before thirty days after the date of the entry confirming this Plan of Reorganization or shall be forever barred.  Rejection Damage Claims shall be included in the unsecured Class 5.

**7.  DEFINITIONS**

**7.1.  General.**  In general, terms that are used in this Plan and not otherwise defined shall be deemed to be defined as the same may be defined in: (a) the Bankruptcy Code, 11 U.S.C. §101 *et. seq.*, and if not defined therein but (b) defined in the Uniform Commercial Code, NH RSA 382-A, then as so defined; and if not defined in any of the forgoing but used in common parlance among bankruptcy lawyers in this District then (c) as so used.

**7.2.  "Bankruptcy Court"** means the United States Bankruptcy Court for the District of New Hampshire.

**7.3.  "Calculation Date"** means the later of the Effective Date or the date that all claims in Classes 2, 4 and 5 are finally allowed or disallowed.

**7.4.  "Confirmation Order"** means the order confirming this Plan.

**7.5.  "Effective Date"** means the fifteenth (15th) day after the entry of the order confirming this Plan.

**7.6.** **"On the Calculation Date"** means on or within a reasonable time after the Calculation Date.

**7.7.** **"Petition Date"** means September 11, 2018.

**7.8.** **"Substantial Consummation":** The Plan shall be deemed to have been substantially consummated on the occurrence of the earlier of: (a) Closing of the sale of Salvatore's Restaurant 545 Washington Street, Boston Massachusetts if such Closing occurs after confirmation; or (b) the payment of professional fees after confirmation.

                                                           Respectfully submitted,

                                                           Peter Ackerman,
                                                           By his attorneys,
                                                           FORD & MCPARTLIN, P.A.

Dated:  November 9, 2018                By:  /s/  Edmond J. Ford
                                                           Edmond J. Ford (BNH 01217)
                                                           10 Pleasant Street, Suite 400
                                                           Portsmouth, NH 03801
                                                           Telephone: 603-433-2002
                                                           Facsimile:  603-433-2122
                                                           eford@fordlaw.com

g:\ed\3569-001\plan documents\ackerman plan rmb edits 11.1.18.docx